# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-44392 |
| | ) | |
| RIAZ A. GONDAL | ) | |
| SHAGUFTA GONDAL | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | JUDGE JACK B. SCHMETTERER |

## PLAN OF REORGANIZATION
## DATED MAY 4, 2015

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code ("the Code") proposes to pay creditors of **RIAZ A. GONDAL and SHAGUFTA GONDAL** (the "Debtors") from rental income. This Plan provides for thirteen (13) classes of secured claims and one of unsecured claims. General unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately two and one-half percent (2.5%) of claims. This Plan also provides of the full payment of administrative and priority claims.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have any attorney, you may wish to consult with one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1.   The Claim of **BANK OF AMERICA** as to the Debtors residence.

2.02   Class 2.   The claim of **JP MORGAN CHASE BANK N.A. ("CHASE")** to the extent allowed a secured claim under §506 of the Code.

2.03   Class 3.   The claim of **BANK OF AMERICA, N.A.** to the extent allowed a secured claim under §506 of the Code.

| | | |
|---|---|---|
| 2.04 | <u>Class 4</u>. | The claim of **SELECT PORTFOLIO SERVICING** to the extent allowed a secured claim under §506 of the Code/ |
| 2.05 | <u>Class 5</u>. | The claim of **THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK** to the extent allowed a secured claim under §506 of the Code. |
| 2.06 | <u>Class 6</u>. | The claim of **FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE-MAE)/SETERUS, INC.** to the extent allowed a secured claim under §506 of the Code. |
| 2.07 | <u>Class 7</u>. | The claim of **NATIONSTAR MORTGAGE, LLC** to the extent allowed a secured claim under §506 of the Code. |
| 2.08 | <u>Class 8</u>. | The claim of **GREEN TREE** to the extent allowed a secured claim under §506 of the Code. |
| 2.09 | <u>Class 9</u>. | The claim of **CONDO ASSOCIATIONS AND HOMEOWNERS ASSOCIATIONS** to the extent allowed a secured claim under §506 of the Code. |
| 2.10 | <u>Class 10</u>. | The claim of **REAL TIME SOLUTIONS** |
| 2.11 | <u>Class 11</u>. | The claim of **E*TRADE BANK SPECIALIZED LOAN SERVICING, LLC.** |
| 2.12 | <u>Class 12</u>. | The claim of **CITY OF CHICAGO DEPARTMENT OF FINANCE.** to the extent allowed a secured claim under §506 of the Code. |
| 2.13 | <u>Class 13</u>. | The claim of **UNITED GUARANTY RESIDENTAL INS. CO.** |
| 2.14 | <u>Class 14</u>. | Executory Contracts and Unexpired Leases |
| 2.15 | <u>Class 15</u>. | Unsecured Claims: Deficiency Claims of Mortgages and General Unsecured Claims. |

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS
# AND U.S. TRUSTEE FEES

3.01 Unclassified Claims.   Under Section §1123(a)(1), administrative expense claims are not in a class.

3.02 Administrative Expense Claims.   Each holder of an administrative expense claim allowed under §503 of the Code will be paid in full on the effective date of this Plan as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03 United States Trustee Fees.   All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed or converted to another chapter of the Code.   Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

All classes under this Plan are impaired. To the extent the mortgage holders have unsecured deficiency claims, their votes shall be counted in Class 14 as well as their individual class. All mortgage lenders shall retain their liens until full payment of their allowed secured claim under 11 USC. §506. All other or junior mortgage claims shall be void pursuant to 11 USC §506.

### A. ADMINISTRATIVE CLAIMS

Upon confirmation of Debtors' Plan or at such time as approved by this Court, all administrative claims shall be paid in full unless an objection to said claim is filed and sustained.   Any attorney's and accountant fees approved, subsequent to confirmation, shall be paid in full prior to final decree being issued and case closure.   Debtors are current on U.S. Trustee quarterly fees and shall remain current for all quarters prior to confirmation.   Debtors shall continue to pay the U.S. Trustee quarterly fees until the case is closed.   Further, Debtors shall file with the U.S. Trustee's Office, quarterly, post-confirmation summary reports until the case is closed by Final Decree.

### B. SECURED CLAIMS

**CLASS 1**
**BANK OF AMERICA**
**769 Hartford Lane, Bolingbrook, IL**
**Principal Residence**

Debtors shall continue to pay said secured claim pursuant to the parties' pre-petition contract.

Due to the restrictions imposed by 11 U.S.C. §1123(b)(5), the Debtors shall not alter the secured claim on the debtors' principal residence, but shall seek to modify the mortgage outside the bankruptcy context.

## CLASS 2

### a.) JP MORGAN CHASE BANK, N.A. ("CHASE")
### 409 E. Liberty, Bolingbrook, IL

JP MORGAN CHASE shall have a secured claim of $140,000.00 being the value of the property. The balance in the approximate amount of $68,000.00 shall be an unsecured claim. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly principal and interest payment of $668.00.. In addition, Debtors shall pay a tax and insurance escrow payment of $543.58 for a total payment of $1,212.58. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $140,000.00 plus interest, **JP MORGAN CHASE** shall release its mortgage.

### b.) 173 Jeffrey Lane, Bolingbrook, IL

JP MORGAN CHASE shall have a secured claim of $77,000.00 being the value of the property. The balance in the approximate amount of $19,325.00 shall be an unsecured claim. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly payment and interest payment of $368.00. In addition Debtors shall pay a tax and insurance of $370.00 per month for a total payment of $738.00. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $77,000.00 plus interest, **JP MORGAN CHASE** shall release its mortgage.

## CLASS 3
## BANK OF AMERICA

### a.) 121 Oxford, Bolingbrook, IL

**BANK OF AMERICA** shall have a secured claim of $120,000.00 being the value of the property. The balance in the approximate amount of $54,299.00 shall be an unsecured claim. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly principal and interest payment of $573.00 In addition, Debtors shall pay a tax and insurance escrow payment of $491.92 for a total payment of $1,065.92Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $120,000.00 plus interest, **BANK OF AMERICA** shall release its mortgage.

### b.) 1665 Liberty, Hanover Park, IL

**BANK OF AMERICA** shall have a secured claim of $85,000.00 being the value of the property. The balance in the approximate amount of $95,456.00 shall be an unsecured claim. . Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly principal and interest payment of $382.00. . In addition Debtors shall pay a tax and insurance escrow of 366.50 per month for a total payment of $888.50Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $85,000.00 plus interest, **BANK OF AMERICA** shall release its mortgage.

### c.) 11811 Double Tree, Houston, TX

BANK OF AMERICA, N.A. shall receive payment of its mortgage claim on this property in the manner provided for in its pre-petition contract with debtors.

### d.) 4910 Cross St., Downers Grove, IL

**BANK OF AMERICA** shall have a secured claim in the amount of $80,000.00 being the value of the property. The balance in the approximate amount of $129,718.00 shall be an unsecured claim. Debtors shall pay the secured portion of the claim based upon a 30 year amortization at 4% for a monthly principal and interest payment of $382.00. In addition Debtors shall pay a tax and insurance escrow payment of $913.00 per month for a total payment of $1,295.00. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) with a balloon payment in ten (10) years. Upon payment in full of $80,000.00 plus interest, **BANK OF AMERICA** shall release its mortgage.

## CLASS 4
## SELECT PORTFOLIO SERVICING

### a.) 1206 Quail Run, Bolingbrook, IL

**SELECT PORTFOLIO SERVICING** shall have a secured claim of $150,000.00 being the value of the property. The balance in the approximate amount of $85,951.00 shall be an unsecured claim. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly principal and interest payment of $835.00. In addition, Debtors shall pay a tax and insurance escrow payment of $563.25 for a total payment of $1,399.00. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $150,000.00 plus interest, **SELECT PORTFOLIO SERVICING** shall release its mortgages.

### b.) 727 Westchester, Bolingbrook, IL

**SELECT PORTFOLIO SERVICING** shall have a secured claim of $180,000.00 being the value of the property. The balance in the approximate amount of $159,770.00 shall be an unsecured claim. . Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly payment and interest payment of $859.00 In addition Debtors shall pay a tax and insurance of $608.00 per month for a total payment of $1,535.00. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $180,000.00 plus interest, **SELECT PORTFOLIO SERVICING** shall release its mortgages.

### c.) 449 Springwood Ln., Bolingbrook, IL

**SELECT PORTFOLIO SERVICING** shall have a secured claim of $216,000.00 being the value of the property. The balance in the approximate amount of $93,817.00 shall be an unsecured claim. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly payment and interest payment of $1,031.00. In addition Debtors shall pay a tax and insurance of $913.00 per month for a total payment of $1,944.00. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $216,000.00 plus interest, **SELECT PORTFOLIO SERVICING** shall release its mortgages.

### d.) 4732 Belmont, Downers Grove, IL

**SELECT PORTFOLIO** shall have a secured claim of $205,000.00.00 being the value of the property. The balance in the approximate amount of $170,451.00 shall be an unsecured claim. Debtors shall continue to pay said secured claim based on a thirty (30) year amortized at Four percent (4%) for a monthly payment and interest payment of $979.00. In addition Debtors shall pay a tax and insurance of $421.00 per month for a total payment of $1,400.00. The entire remaining balance due shall be paid at the end of 120 months (10 years) via refinance or sale. Upon payment in full of $205,000.00 plus interest, **SELECT PORTFOLIO SERVICING** shall release its mortgages.

## CLASS 5
## THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK

### a.) 254 Thornhurst, Bolingbrook, IL

**THE BANK OF NEW YORK MELLON,** shall have a secured claim of $ 127,000.00 being the value of the property. The balance in the approximate amount of $57,905.00 shall be an unsecured claim. . Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly principal and interest payment of $606.0In addition, Debtors shall pay a tax and insurance escrow payment of $405.00 for a total payment of $1,061.00. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $127,000.00 plus interest, **THE BANK OF NEW YORK**

**MELLON,** shall release its mortgage.

## CLASS 6
## FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE-MAE)
## SETERUS, INC.

### a.) 237 Diane Lane, Bolingbrook, IL

**FANNIE-MAE,** shall have a secured claim of $ 70,000.00 being the value of the property. The balance in the approximate amount of $64,317.00 shall be an unsecured claim. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly principal and interest payment of $334.00. In addition, Debtors shall pay a tax and insurance escrow payment of $658.00 for a total payment of $992.00 Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $70,000.00 plus interest, **FANNIE-MAE,** shall release its mortgage.

### b.) 645 Cochise Circle, Bolingbrook, IL

**FANNIE-MAE,** shall have a secured claim of $ 130,000.00 being the value of the property. The balance in the approximate amount of $51,553.00 shall be an unsecured claim. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly payment and interest payment of $621.00.. In addition Debtors shall pay a tax and insurance of $465.00 per month for a total payment of $1,132.00. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $130,000.00 plus interest, **FANNIE-MAE,** shall release its mortgage.

### c.) 410 Villa Ave, Villa Park, IL

**FANNIE-MAE,** shall have a secured claim of $80,000.00 being the value of the property. The balance in the approximate amount of $65,238.00 shall be an unsecured claim. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly principal and interest payment of $406.00. In addition, Debtors shall pay a tax and insurance escrow payment of $371.00 for a total payment of $777.00. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $80,000.00 plus interest, **FANNIE-MAE,** shall release its mortgage.

### d.) 1003 Maple Ave., Lisle, IL

**FANNIE-MAE,** shall have a secured claim of $100,000.00 being the value of the property. The balance in the approximate amount of $48,182.00 shall be an unsecured claim. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly principal and interest payment of $382.00. In addition, Debtors shall pay a tax and insurance escrow payment of $394.00 for

a total payment of $777.00. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $100,000.00 plus interest, **FANNIE-MAE**, shall release its mortgage.

## CLASS 7
## NATIONSTAR MORTGAGE, LLC

### a.) 1034 Four Seasons Blvd., Aurora, IL

**NATIONSTAR MORTGAGE, LLC** shall have a secured claim of $89,000.00 being the value of the property. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly principal and interest payment of $406.00. In addition, Debtors shall pay a tax and insurance escrow payment of $112.00 for a total payment of $518.00 The balance in the approximate amount of $91,594.00 shall be an unsecured claim. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Five and ½ percent (5.5%) interest. Upon payment in full of $89,000.00 plus interest, **NATIONSTAR MORTGAGE, LLC** shall release its mortgage.

### b.) 843 Cloverdale, Bolingbrook, IL

**NATIONSTAR MORTGAGE, LLC,** shall have a secured claim of $ 207,000.00 being the value of the property. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly payment and interest payment of $988.00. In addition Debtors shall pay a tax and insurance of $675.00 per month for a total payment of $1,643.00. The balance in the approximate amount of $191,123.00 shall be an unsecured claim. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $207,000.00 plus interest, **NATIONSTAR MORTGAGE, LLC,** shall release its mortgage.

## CLASS 8
## GREEN TREE
## 600 N. Pinecrest, Bolingbrook, IL

**GREEN TREE,** shall have a secured claim of $120,000.00 being the value of the property. The balance in the approximate amount of $151,726.00 shall be an unsecured claim. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly principal and interest payment of $573.00. In addition, Debtors shall pay a tax and insurance escrow payment of $525.00 for a total payment of $1,098.00. Debtors shall continue to pay said secured claim based on a thirty (30) year amortization at Four percent (4%) interest with a balloon payment in ten (10) years. Upon payment in full of $120,000.00 plus interest, **GREEN TREE,** shall release its mortgage.

## CLASS 9
## CONDO ASSOCIATIONS & HOMEOWNERS ASSOCIATIONS

. Class 9 shall consist of the claims of the following creditors for pre-petition arrearages for condominium or homeowners association payments, in the following amounts.

| | | |
|---|---|---|
| a.) | The Hometown Condominium Association #1 | $1,951.27 |
| b.) | Rainbow Pointe West Condominium Association | $2,428.42 |
| c.) | Barclay Estates Neighborhood Association | $  804.70 |
| | Total | $5,184.39 |

Each of the above claims shall be paid in equal installments over 60 months at 2% interest. That will require a total payment from debtors of $91.00 per month.

## CLASS 10
## REAL TIME RESOLUTIONS

REAL TIME RESOLUTIONS filed secured claims based upon second mortgages on 1003 Maple Ave, Lisle, IL and 645 Cochise, Bolingbrook, IL, and 410 Villa Ave, Villa Park, IL. As to each of the above properties there is no value to attach to the mortgages and each will be avoided pursuant to 11 U.S.C. §506. REAL TIME RESOLUTIONS will thereby have an unsecured claim the total sum of and will receive the treatment provided for in Class 14.

## CLASS 11
## E*TRADE BANK SPECIALIZED LOAN SERVICING, LLC

E*TRADE BANK, SPECIALIZED LOAN SERVICING, LLC filed a second claim based upon its second mortgage on 449 Springwood Lane, Bolingbrook, IL. Since there is no value attaching to this lien, the mortgage lien will be avoided pursuant to 11 U.S.C. §506 and E*TRADE shall have an unsecured claim and receive the treatment provided for in Class 14 creditors.

## CLASS 12
## CITY OF CHICAGO
## DEPARTMENT OF FINANCE

CITY OF CHICAGO filed a secured claim based upon its statutory lien on the property c/k/a 11745 S. Peoria, Chicago, IL the claim in the amount of $1,431.16 shall be paid in full over 60 months with simple interest of 2% per anum for a monthly payment of $25.00 per month. Upon full payment, the CITY OF CHICAGO shall release its lien on the properties.

## CLASS 13
## UNITED GUARANTY RESIDENTIAL INS. CO OF NC

UNITED GUARANTY RESIDENTIAL INS. CO OF NC filed secured claims based upon second mortgages on1665 Liberty, Hanover Park, IL. As to each of the above properties there is no value to attach to the mortgages and each will be avoided pursuant to 11 U.S.C. §506. UNITED GUARANTY RESIDENTIAL INS. CO OF NC will thereby have an unsecured claim and will receive the treatment provided for in Class 14.

## CLASS 14
## D. UNSECURED CLAIM: DEFICIENCY CLAIMS OF MORTGAGEES AND UNSECURED CREDITORS

After payment of administrative and priority claims in full, Debtors shall pay allowed Deficiency Claims of Mortgagees and general unsecured creditors on a pro-rata distribution based upon the liquidation analysis and the debtors' disposable income for seventy-two (72) months for a total payment of $50,000.00 without interest, in not more than seventy-two (72) monthly installments to each creditor. First payment shall commence thirty (30) days following the effective date of the plan and on the fifteenth (15th) day of each month thereafter for a period of six (6) years. Debtors estimate that based upon approximately $2,000,000.00 in deficiency claims and general unsecured claims, creditors in this class shall receive approximately 2.5% of their claims. Distribution will be made on a quarterly basis.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim.   A disputed claim is a claim that has not been allowed or disallowed (by a final non-appealable order), and as to which either; (i) a proof of claim has been filed or deemed filed and the Debtors or another party in interest has or will file an objection; or (ii) no proof of claim has been filed and the Debtors have scheduled such claim as disputed, contingent or unliquidated.

5.02   Delay of Distribution on a Disputed Claim.   No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03   Settlement of Disputed Claims.   The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.   Debtors intend on assuming all residential leases with current tenants at confirmation of the Plan. All other executory contracts shall be rejected and receive treatment provided in Class 14.

# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01   Payments and distributions under the Plan will be funded by future rental income of the debtor. The debtors shall be responsible for making all payments under the Plan.

# ARTICLE VIII
## GENERAL PROVISIONS

8.01   Definitions and Rules of Construction.   The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construction in the Code are used in this Plan.

8.02   Effective Date of Plan.   The effective date of this Plan is the eleventh (11TH) business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first (1ST) business day after that date on which no stay of the confirmation order is in effective, provided that the confirmation order has not been vacated.

8.03   Severability.   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04   Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon and will insure to the benefit of the successors or assigns of such entity.

8.05   Captions.   The headings contained in this Plan are for the convenience of reference only and o not affect the meaning or interpretation of this Plan.

8.06   Controlling Effect.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Illinois govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01 <u>Discharge</u>.  Confirmation of this Plan does not discharge any debt provided for in this plan until the court grants a discharge on completion of all payments under this Plan or as otherwise provided in §1141(d)(5) of the Code. The Debtors will not be discharged from any debt excepted from discharge under §523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

By: ___*/s/ RIAZ A. GONDAL*___
___*and SHAGUFTA GONDAL*___
Plan Proponent

By: ___*/s/ Richard G. Larsen*___
Attorney for Plan Proponent

RICHARD G. LARSEN #06193054
Springer Brown, LLC
400 South County Farm Road
Suite 330
Wheaton, IL 60187
630-510-0000
rlarsen@springerbrown.com