IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-44392 |
| | ) | |
| **RIAZ A. GONDAL** | ) | |
| **SHAGUFTA GONDAL** | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | JUDGE JACK B. SCHMETTERER |

<u>**THIRD AMENDED**</u>
<u>**DISCLOSURE STATEMENT**</u>
<u>**DATED JUNE 22, 2016**</u>

I.
INTRODUCTION

Debtors, **RIAZ A. GONDAL AND SHAGUFTA GONDAL**, herein provides the information contained in this Second Amended Disclosure Statement to all the known creditors of Debtors in order to disclose the information deemed to be material, important and necessary for creditors to arrive at a reasonably informed decision in exercising their/its vote for the acceptance of the Third Amended Plan of Reorganization which will be submitted to creditors after approval of this Third Amended Disclosure Statement.

II.
DISCLAIMER

Debtors authorize no representations concerning the Debtors future income or value of property, other than as set forth in this Third Amended Disclosure Statement.  Any creditor should not rely upon any representations or inducements made to secure acceptance of the Plan, which are other than contained in this Statement.  The information contained herein has not been subject to a certified audit. Information obtained, provided and kept by Debtors, including Debtor's records, are not warranted or represented to be without any inaccuracy, although every effort has been made to be accurate.

# III.
# DEFINITIONS

1. **Debtors** shall mean **RIAZ A. GONDAL AND SHAGUFTA GONDAL.**

2. **Unsecured Creditors** and **Unsecured Claims** shall mean all creditors of the Debtors who hold claims for unsecured debts, liabilities, demands or other claims of any character whatsoever, including secured creditors to the extent that liquidation of secured collateral would not satisfy their claims.

3. **Secured Creditors** shall mean all holders of secured claims who hold a lien, security interest or other encumbrance which has been properly perfected as required by law with respect to the property of the Debtors or any other property, provided by guarantors or co-signers to the extent that liquidation of secured collateral would satisfy the secured portion of the claim.

4. **Secured Claim** shall mean an allowed claim of a creditor secured by a lien on properties in which the Estate has an interest or that is subject to set-off under § 553 of the Bankruptcy Code to the extent of the value "determined in accordance with §506(a) of the Code" if such creditor's interest in the Estate's interest in such property or the extent of the amount subject to set-off.

5. **Allowed Claim** shall mean proof of which is filed within the time fixed by Bankruptcy Rules or by the Court or, if the claim arose from the rejection of an executory contract or unexpired lease, within such other time as may be fixed by the Court or; as to which no objection to the allowance thereof has been filed within the applicable time fixed by the Court, or as to which such objection has been determined by Order of the Court, which has become final and non-appealable and as to which no appeal is pending.

6. **Plan** shall mean Second Amended Plan of Reorganization, which will be submitted subsequent to the approval of this Second Amended Disclosure Statement.

7. **Confirmation** or **Effective Date of Confirmation** shall mean that date on which the Order confirming the Plan of Reorganization becomes final.

8. **Impaired Creditor** shall refer to the Bankruptcy Code definition of an impaired claim or interest. This is paraphrased as meaning that the Plan provides for the claim holder(s) or amount or method of repayment being altered from the original note or instrument entered into with the Debtors. The Bankruptcy Code requires that a Plan designate impairment or nonimpairment in specified treatment of claims.

9. **Administrative Expenses** shall mean a cost/expense of administration of a Chapter 11 case, including any actual or necessary expenses of preserving the Estate or any actual or

necessary expenses of operating the Debtors' business from and after the Petition Date to and including the Confirmation Date and all costs of administration allowed by the Court in accordance with the Code.

## IV.
## SOURCE OF INFORMATION

Debtors, **RIAZ A. GONDAL AND SHAGUFTA GONDAL**, filed a Voluntary Chapter 11 Petition on December 12, 2014. It is incumbent upon the Debtors, pursuant to 11 USC §1106(a)(5), to propose a Plan of Reorganization under 11 USC § 1121, which must be accompanied or preceded by a Disclosure Statement pursuant to 11 USC § 1125(b). In preparing this Disclosure Statement, Debtors have provided information utilized from their own business records and tax returns, appraisals or market analysis and the Debtors' own opinions based on his experience in the real estate market.

## V.
## PRE-PETITION HISTORY

Debtors, **RIAZ A. GONDAL AND SHAGUFTA GONDAL**, for a significant period of time prior to the instant filing operated and continues to operate rental properties located in Bolingbrook, Downers Grove, Aurora, Hanover Park, Lisle, and Chicago, Illinois. All properties set forth in Amended Schedule A, except Debtors' residence, are subject to residential leases, or are listed to be rented to members of the general public.

Debtors own the properties set forth in Amended Schedule A. Nineteen of the twenty-two properties are subject to one (1) or more mortgages in favor of various financial institutions as indicated.

Some of the properties have been in various stages of foreclosure prior to the instant filing.

Based upon current market conditions, Debtors believe the properties are worth as follows and encumbered as follows:

| Address | Value | Debt |
|---|---|---|
| 1. 409 Liberty, Bolingbrook, IL | $160,000.00 | $208,000.00 |
| 2. 173 Jeffrey Lane, Bolingbrook, IL | $96,000.00 | $96,325.00 |
| 3. 237 Diane, Bolingbrook, IL | $70,000.00 | $134,317.00 |
| 4. 254 Thornhurst, Bolingbrook, IL | $127,000.00 | $184,905.00 |
| 5. 600 N. Pinecrest, Bolingbrook, IL | $120,000.00 | $271,726.00 |
| 6. 645 Cochise, Bolingbrook, IL | $130,000.00 | $260,265.00 |

| | | |
|---|---:|---:|
| 7. 121 Oxford, Bolingbrook, IL | $120,000.00 | $192,106.00 |
| 8. 1206 Quail Run, Bolingbrook, IL | $160,000.00 | $235,951.00 |
| 9. 727 Westchester, Bolingbrook, | $150,000.00 | $339,770.00 |
| 10. 843 Cloverdale, Bolingbrook, IL | $220,000.00 | $398,123.00 |
| 11. 449 Springwood, Bolingbrook, IL | $216,000.00 | $376,118.00 |
| 12. 769 Hartford, Bolingbrook, IL | $320,000.00 | $561,420.00 |
| 13. 1003 Maple, Lisle, IL | $100,000.00 | $171,163.00 |
| 14. 4732 Belmont, Downers Grove, IL | $205,000.00 | $421,890.00 |
| 15. 4910 Cross, Downers Grove, IL | $60,000.00 | $248,718.00 |
| 16. 410 Villa, Villa Park, IL | $80,000.00 | $165,815.00 |
| 17. 1034 Four Seasons, Aurora, IL | $90,000.00 | $180,594.00 |
| 18. 1665 Liberty, Hanover Park, IL | $90,000.00 | $206,183.00 |
| 19. 2640 W. 69th Street, Chicago, IL | $10,000.00 | $0.00 |
| 20. 11745 S. Peoria, Chicago, IL | $10,000.00 | $0.00 |
| 21. 322 Jackson, Aurora, IL | $25,000.00 | $0.00 |
| 22. 11811 Double Tree, Houston, TX | $95,000.00 | $15,925.00 |

**RIAZ A. GONDAL'S** sole source of income is derived from the $27,310.00 of gross rental income from the tenants at the twenty-two (22) properties. This gross figure applies if all properties are occupied and if tenants are paying on a timely basis.

**SHAGUFTA GONDAL'S** income is from her employment at DuPage Medical Group, in the monthly amount of $4905.31.

**DEBTORS'** only other significant asset is their principal residence. Said residence is located at 769 Hartford, Bolingbrook, Illinois. Debtors believe that their home is worth approximately $320,000.00. Said home is encumbered with one (1) consensual mortgage, in favor of **BANK OF AMERICA HOME LOANS.** The balance owed is approximately $558,000.00.

The Debtors own two (2) vehicles. One is a 2009 Toyota Highlander with approximately 60,000 miles with a value of $16,783.00. The second is a 2004 Ford E250 Cargo Van with approximately 140,000 miles with a value of $3,500.00. The vehicles are not subject to any lien.

The debtors currently have two vacant properties 1206 Quail Run Dr Bolingbrook Il 60490 and 1034 Four Seasons Aurora, IL 60504.

The Debtors owned two (2) financial accounts at the time of filing. One (1) checking account is maintained at **BMO HARRIS**, with approximately $5,900.00 total at the time of filing herein. The other account is at West Suburban Bank with a balance of $4,000.00 at filing. Debtors also own used household goods of nominal value. The account at **BMO HARRIS BANK** is the DIP account and referenced in the Monthly Operating Reports filed by the Debtors. The account at West Suburban Bank is the account used by **SHAGUFTA GONDAL** for ordinary living expenses. Her paychecks are directly deposited in that account.

## VI.
## POST PETITION ACTIVITY

Debtors intend on remaining in possession of their assets and repaying administrative, priority, secured and unsecured creditors from future income derived from the income received from the above rental real estate and **SHAGUFTA GONDAL'S** employment.

## VII.
## FINANCIAL DATA

Debtors do not anticipate any significant variance in monthly costs or monthly income. However, Debtors cannot predict the future. Debtors do not anticipate any capital improvements to the properties, although regular maintenance to the property is required.

The Debtors are current in their obligations to the U.S. Trustee with respect to filing his operating reports and their monetary obligations. Any creditor or other party in interest may obtain copies of the reports from Debtors' attorney, the U.S. Trustee or the Bankruptcy Court Electronic Case Filing System.

Pursuant to Local Rule 3016 redacted copies of the Debtor's 2012 and 2013 income tax returns are attached hereto as Exhibits "A" and "B". This is being provided as debtors do not have separate financial statements for this period of time. The Debtors attach as Exhibit "C" their projection of monthly income from the rental properties based upon the proposed plan payments. The Debtors attach as Exhibit "D" their monthly and five year projection of household income and expenses. Debtors' income is dependent upon rental of the properties as stated at Page 4. There are two vacancies as of this date.

## VIII.
## LIQUIDATION ANALYSIS

Debtors have prepared a summary liquidation analysis. Values are based on Debtors' opinion and are consistent with the current values set forth in the amended schedules.

1. **BMO HARRIS BANK (DIP Account):** Checking Account $5,900.00 at time of filing. Amount is claimed exempt under 735 ILCS 5/12-1001(b).

2. **WEST SUBURBAN BANK:** Checking Account - $4,000.00 at time of filing. Amount is claimed exempt under 735 ILCS 5/12-1001(b) and sole source of funds in this account are the wages of **SHAGUFTA GONDAL**.

3. **CLOTHES & HOUSEHOLD GOODS:** Exempt under and pursuant to 735 ILCS 5/12-1001 (a)&(b). To the extent not exempt, costs of any sale would exceed value of those assets. Nominal value of these assets is $2,000.00, and it is not likely that a Trustee would liquidate any of these items

4. **2009 TOYOTA HIGHLANDER:** The vehicle is worth approximately $16,783.00. After costs of sale and debtors' claim of exemption, Debtors estimate approximately $10,000.00 would be available to pay priority and non-priority unsecured creditors.

5. **2004 FORD E250 CARGO VAN:** Said vehicle is worth approximately $3,500.00. After costs of sale, Debtors estimate approximately $3,000.00 would be available to pay priority and non-priority unsecured creditors.

6. **409 LIBERTY, BOLINGBROOK, IL:** Said property is worth $160,000.00 based upon current research and Debtors' opinion of value. There is one (1) mortgage in favor of **CHASE** with a balance of $208,000.00. After costs of sale, income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

7. **769 HARTFORD, BOLINGBROOK, IL (Principal Residence):** Said property is worth $320,000.00 based research and Debtors' opinion of value. There is one (1) mortgage. In favor of **BANK OF AMERICA** with a balance of $561,420.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

8. **173 JEFFREY LANE, BOLINGBROOK, IL:** Said property is worth $96,000.00 based upon current research and Debtors' opinion of value. There is one (1) mortgage in favor of **CHASE BANK** with a balance of $96,325.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

9. **237 DIANE, BOLINGBROOK, IL:** Said property is worth $70,000.00 based upon current research and Debtors' opinion of value. There is one (1) mortgage in favor of **BANK OF AMERICA** with a balance of $134,317.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority

unsecured creditors.

10. **254 THORNHURST, BOLINGBROOK, IL:** Said property is worth $127,000.00 based upon current research and Debtors' opinion of value. There is one (1) mortgage in favor of **BANK OF AMERICA** with a balance of $184,905.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

11. **600 N. PINECREST, BOLINGBROOK, IL:** Said property is worth $120,000.00 based upon current research and Debtors' opinion of value. There is one (1) mortgage in favor of **GREEN TREE** with a balance of $271,726.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

12. **645 COCHISE, BOLINGBROOK, IL:** Said property is worth $130,000.00 based upon current research and Debtors' opinion of value. There are two (2) mortgages. One (1) in favor of SETERUS with a balance of $181,553.00 and one (1) in favor of REAL TIME RESOLUTIONS, INC with a balance of $78,712.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

13. **121 OXFORD, BOLINGBROOK, IL:** Said property is worth $120,000.00 based upon current research and Debtors' opinion of value. There are two (2) mortgages. One (1) in favor of **BANK OF AMERICA HOME LOANS** with a balance of $174,299.00 and one (1) in favor of RBS CITIZENS with a balance of $17,803.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

14. **1206 QUAIL RUN, BOLINGBROOK, IL:** Said property is worth $160,000.00 based upon current research and Debtors' opinion of value. There is one (1) mortgage in favor of **SELECT PORTFOLIO** with a balance of $235,951.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

15. **727 WESTCHESTER, BOLINGBROOK, IL:** Said property is worth $150,000.00 based upon current research and Debtors' opinion of value. There are two (2) mortgages in favor of **SELECT PORTFOLIO** with a combined balance of $339,770.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

16. **843 CLOVERDALE, BOLINGBROOK, IL:** Said property is worth $220,000.00 based upon current research and Debtors' opinion of value. There is one (1) mortgage in favor of **U.S. NATIONAL BANK TRUST** with a balance of $398,123.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority

and non-priority unsecured creditors.

17. **449 SPRINGWOOD, BOLINGBROOK, IL:** Said property is worth $216,000.00 based upon current research and Debtors' opinion of value. There are two (2) mortgages. One mortgage in favor of **SELECT PORTFOLIO** with a balance of $309,817.00 and the second mortgage in favor of **SPECIALIZED LOAN SERVICING** with a balance of $66,301.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

18. **1003 MAPLE AVE., LISLE, IL**: Said property is worth $100,000.00 based upon current research and Debtors' opinion of value. There are two (2) mortgages. The first mortgage in favor **of SETERUS** with a balance of $148,182.00 and the second mortgage in favor of **REAL TIME RESOLUTIONS, INC** with a balance of $22,981.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

19. **4732 BELMONT, DOWNERS GROVE, IL**: Said property is worth $205,000.00 based upon current research and Debtors' opinion of value. There are two (2) mortgages. The first mortgage in favor of **SELECT PORTFOLIO** with a balance of $375,451.00 and the second mortgage in favor of **E-TRADE/SPECIALIZED HOME SERVICING** with a balance of $46,439.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

20. **410 VILLA, VILLA PARK, IL:** Said property is worth $70,000.00 based upon current research and Debtors' opinion of value. There are two (2) mortgages. The first mortgage in favor **of SETERUS** with a balance of $145,238.00 and the second mortgage in favor of **REAL TIME RESOLUTIONS, INC** with a balance of $20,577.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

21. **4910 CROSS ST., DOWNERS GROVE, IL**: Said property is worth $60,000.00 based upon current research and Debtors' opinion of value. There are three (3) mortgages. The first mortgage in favor **of BANK OF AMERICA** with a balance of $209,718.00 and the second mortgage in favor of **BANK OF AMERICA** with a balance of $25,000.00 and the third mortgage in favor of **STRATIGIC RECOVERY** with a balance of $14,000.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

22. **1034 FOUR SEASONS, AURORA, IL**: Said property is worth $90,000.00 based upon current research and Debtors' opinion of value. There is first mortgage in favor of **NATIONSTAR MORTGAGE** with a balance of $180,594.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

23. **1665 LIBERTY, HANOVER PARK, IL**: Said property is worth $90,000.00 based upon current research and Debtors' opinion of value. There are two (2) mortgages. The first mortgage in favor of **BANK OF AMERICA** with a balance of $175,456.00 and the second mortgage in favor of **UNITED GUARANTY** with a balance of $30,727.00. After costs of sale and income tax obligations, Debtors estimate that $0.00 would be paid to priority and non-priority unsecured creditors.

24. **2640 W. 69TH ST., CHICAGO, IL**: Said property is worth $10,000.00 based upon current research and Debtors' opinion of value. There are no liens on property but the property is subject to demolition proceedings by the City of Chicago. After costs of sale and tax obligations Debtors estimate $5,000.00 available to unsecured creditors.

25. **11745 S. PEORIA, CHICAGO, IL:** Said property is worth $10,000.00 based upon current research and Debtors' opinion of value. There are no liens on property but the property needs substantial repairs to be saleable. After cots of sale, repairs and tax obligations Debtors estimate $5,000.00 available to unsecured creditors.

26. **322 JACKSON, AURORA, IL:** Said property is worth $25,000.00 based upon current research and Debtors' opinion of value. There are no liens on property but the property needs substantial repairs to be saleable. After costs of sale, repairs and tax obligations Debtors estimate $5,000.00 available to creditors.

27. **11811 DOUBLETREE, HOUSTON, TX:** Said property is worth $90,000.00 based upon current research and Debtors' opinion of value. There is one (1) mortgage in favor of **BANK OF AMERICA** with a balance of $15,925.00. After costs of sale and income tax obligations, Debtors estimate that $65,000.00 would be paid to priority and non-priority unsecured creditors after costs of sale.

In summary, in the event that Debtors were liquidated under Chapter 7, there would be the following available proceeds from the sale of the Debtor's property:

| | |
|---|---|
| 11811 Doubletree, Houston, TX | $ 65,000.00 |
| 322 Jackson, Aurora, IL | $ 5,000.00 |
| 11745 Peoria, Chicago, IL | $ 5,000.00 |
| 2640 W. 69th St., Chicago, IL | $ 5,000.00 |
| 2 Vehicles | $ 13,000.00 |
| TOTAL | $ 93,000.00 |
| Costs of Administration | |
| Chapter 7 Trustee | $ 8,150.00 |
| Trustee Attorney | $ 15,000.00 |
| Chapter 11 Attorney | $ 15,000.00 |

|  |  |
|---|---|
| Accountant | $ 5,000.00 |
| TOTAL | $ 43,150.00 |
| Available to Creditors | $ 49,850.00 |

# IX.
## SPECIFIC TREATMENT OF CLAIMS AND CLASSES OF CREDITORS

### A. ADMINISTRATIVE CLAIMS

Upon confirmation of Debtors' Plan or at such time as approved by this Court, all administrative claims shall be paid in full. Any attorney's and accountant fees approved, subsequent to confirmation, shall be paid in full prior to final decree being issued and case closure. Debtors are current on U.S. Trustee quarterly fees and shall remain current for all quarters prior to confirmation. Debtors shall continue to pay the U.S. Trustee quarterly fees until the case is closed. Further, Debtors shall file with the U.S. Trustee's Office, quarterly, post-confirmation summary reports until the case is closed by Final Decree.

### B. SECURED CLAIMS

#### CLASS 1
#### BANK OF AMERICA, N.A.
#### 769 Hartford Lane, Bolingbrook, IL
#### Principal Residence

Debtors shall continue to pay said secured claim pursuant to the parties' pre-petition contract until a modification can be negotiated outside of the Bankruptcy.

Due to the restrictions imposed by 11 U.S.C. §1123(b)(5), the Debtors shall not alter the secured claim on the debtors principal residence, but shall seek to modify the mortgage outside the bankruptcy context. To the extent debtors are unable to modify this mortgage and the property is foreclosed, Class 1 shall have an unsecured claim for any deficiency payable as a Class 16 claim.

#### CLASS 2
#### JP MORGAN CHASE BANK, NA ("CHASE")
#### a.) 409 E. Liberty, Bolingbrook, IL

**CHASE** shall have a secured claim in regard to 409 Liberty in the amount of $160,000.00 that being the fair market value of the property. Debtors shall pay the secured portion of this claim in the amount of $166,667.22, which includes escrow advances of $6,667.22, based upon a 30 year amortized at 5.0 % for a monthly principal and interest payment of $894.64. In addition, Debtors shall pay a tax and insurance escrow payment of $543.36 for a total payment of $1,438.00. The balance of

approximately $68,000.00 shall be a general unsecured claim and CHASE shall release its mortgage lien upon payment of the secured portion of its claim.

### b.) 173 Jeffrey Lane, Bolingbrook, IL

**JP MORGAN CHASE** shall have a secured claim of $96,325.00 under the terms of the modified mortgage which requires a monthly payment, including tax and insurance escrow of $1,021.00 per month. Debtor shall continue to make payments under the terms of the mortgage modification agreement entered into prior to the filing of this Chapter 11 case. Upon payment in full **JP MORGAN CHASE** shall release its mortgage.

## CLASS 3
## BANK OF AMERICA, N.A.

### a.) 121 Oxford, Bolingbrook, IL

**BANK OF AMERICA, N.A.** shall have a secured claim in regard to 121 Oxford, Bolingbrook, IL in the amount of $165,000.00, that being the fair market value of the property. Debtors shall pay the secured portion of this claim based upon a 40 year amortized at 5.25% for a monthly principal and interest payment of $823.14. In addition, Debtors shall pay an initial tax and insurance escrow payment of $486.14 for a total payment of $1,309.28. The balance of approximately $9,299.00 shall be a general unsecured claim and BANK OF AMERICA shall release its mortgage lien upon payment of the secured portion of its claim.

### b.) 1665 Liberty, Hanover Park, IL

**BANK OF AMERICA, N.A.** shall have a secured claim in regard to 1665 Liberty, Hanover Park, IL property in the amount of $90,000.00 that being the fair market value of the property. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 5.25% for a monthly principal and interest payment of $496.98. In addition Debtors shall pay an initial tax and insurance escrow of $354.04 per month for a total payment of $851.02. Debtor shall also pay directly association fees of $170.00 per month. The balance of approximately $85,456.22 shall be a general unsecured claim and BANK OF AMERICA, N.A. shall release its mortgage lien upon payment of the secured portion of its claim.

### c.) 11811 Double Tree, Houston, TX

BANK OF AMERICA, N.A. shall receive payment of its mortgage claim on this property in the manner provided for in its pre-petition contract with debtors. Debtor shall pay the arrearages amount of $876.24 upon the effective date of the plan.

# CLASS 4
# SELECT PORTFOLIO SERVICING

### a.) 1206 Quail Run, Bolingbrook, IL

SELECT PORTFOLIO shall have a secured claim in regard to 1206 Quail Run, Bolingbrook in the amount of $160,000.00, that being the fair market value of the property. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly principal and interest payment of $764.00. In addition, Debtors shall pay a tax and insurance escrow payment of $563.00 for a total payment of $1,327.00. The balance of approximately $100,951.00 shall be a general unsecured claim and SELECT PORTFOLIO shall release its mortgage lien upon payment of the secured portion of its claim.

### b.) 727 Westchester, Bolingbrook, IL

SELECT PORTFOLIO shall have a secured claim in regard to 727 Westchester, Bolingbrook, IL property in the amount of $150,000.00 that being the fair market value of the property. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly payment and interest payment of $716.00. In addition Debtors shall pay a tax and insurance of $676.00 per month for a total payment of $1,392.00. The balance of approximately $189,770.00 shall be a general unsecured claim and SELECT PORTFOLIO shall release its mortgage lien upon payment of the secured portion of its claim.

### c.)   449 Springwood Ln., Bolingbrook, IL

**SELECT PORTFOLIO** shall have a secured claim in regard to 449 Springwood, Bolingbrook, IL property in the amount of $216,000.00.00 that being the fair market value of the property. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 2% for a monthly payment and interest payment of $798.00. In addition Debtors shall pay a tax and insurance of $913.00 per month for a total payment of $1,711.00. The balance of approximately $93,817.00 shall be a general unsecured claim and SELECT PORTFOLIO shall release its mortgage lien upon payment of the secured portion of its claim.

### d.) 4732 Belmont Rd., Downers Grove, IL

**SELECT PORTFOLIO** shall have a secured claim in regard to 4732 Belmont Rd., Downers Grove, IL property in the amount of $205,000.00.00 that being the fair market value of the property. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 2% for a monthly payment and interest payment of $758.00. In addition Debtors shall pay a tax and insurance of $421.00 per month for a total payment of $1,179.00. The balance of approximately $170,451.00 shall be a

general unsecured claim and SELECT PORTFOLIO shall release its mortgage lien upon payment of the secured portion of its claim.

## CLASS 5
## THE BANK OF NEW YORK MELLON f/k/a/ THE BANK OF NEW YORK

a.) 254 Thornhurst, Bolingbrook, IL

**THE BANK OF NEW YORK MELLON,** Class 5 shall have a secured claim of $127,000.00 being the value of the property. Balance in approximate amount of $57,905.00 shall be unsecured claim. Debtor shall pay secured portion based upon 30 year amortized at 4% for a monthly principal and interest payment of $606.00, with a balloon payment due 10 years from the effective date. The loan shall no longer escrow for taxes and insurance. Debtor shall pay hazard insurance premiums and property taxes on or before their due dates. The loan shall be modified from a HELOC to a Second Mortgage. All other provisions of the note and mortgage not modified by this plan shall remain in effect. BANK OF NEW YORK MELLON., its principals, agents, successors and/or assigns shall retain its lien against the property until its Class 5 secured claim has been paid in full.

## CLASS 6
## FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE-MAE)
## SETERUS, INC.

a.) 237 Diane Lane, Bolingbrook, IL
b.) 645 Cochise Circle, Bolingbrook, IL
c.) 410 Villa Ave, Villa Park, IL
d.) 1003 Maple Ave, Lisle, IL

Due to defaults in post-petition payments, the automatic stay has been lifted as to all of the above listed properties. The debtors reserve the right to modify these mortgages outside with consent of lenders. However, in the event of foreclosure, **FANNIE-MAE** shall be limited to a deficiency amount payable as an unsecured claim in the manner allowed for class 15 claims.

## CLASS 7
## NATIONSTAR MORTGAGE, LLC

a.) 1034 Four Seasons Blvd., Aurora, IL

**NATIONSTAR MORTGAGE, LLC** shall have a secured claim in regard to 1034 Four Seasons

Blvd, Aurora, IL in the amount of $91,500.00, that being the fair market value of the property. Debtors shall pay the secured portion of this claim in the sum of $92,816.04 which includes escrow advances of $1,316.14 based upon a 30 year amortized at 5% for a monthly principal and interest payment of $498.26. In addition, Debtors shall pay a tax and insurance escrow payment of $109.67 for a total payment of $607.93. Debtor shall also pay the monthly association dues of $190.00 per month. The balance of $91,594.00 shall be a general unsecured claim and NATIONSTAR MORTGAGE shall release its mortgage lien upon payment of the secured portion of its claim. Debtors shall maintain payments of the association fee on this property.

## CLASS 8
## U.S. BANK NATIONAL TRUST

### 843   Cloverdale, Bolingbrook, IL

a)  U.S. BANK NATIONAL TRUST shall have a secured claim in regard to the 843 Cloverdale, Bolingbrook, IL property in the amount of $220,000.00 that being the fair market value of the property. Debtors shall pay the secured portion of this claim in the amount of $227,612.36 which includes escrow advances of $7,612.36 based upon a 30 year amortized at 5% for a monthly payment and interest payment of $1,221.87. In addition Debtors shall pay a tax and insurance of $655.12 per month for a total payment of $1,876.99. The balance of $191,123.00 shall be a general unsecured claim and U.S. BANK NATIONAL TRUST shall release its mortgage lien upon payment of the secured portion of its claim.

### 4910 Cross St., Downers Grove, IL

b)  U.S. NATIONAL BANK ASSOCIATION shall have a secured claim in regard to 4910 Cross St., Downers Grove, IL in the amount of $68,000.00 that being fair market value of the property. Debtors shall pay the secured portion of the claim in the amount of $71,592.91 which includes escrow advances of $3,592.10, based upon a 30 year amortization at 5% for a monthly principal and interest payment of $384.32. In addition Debtors shall pay a tax and insurance escrow payment of $342.93 per month for a total payment of $727.25. The balance of $176,718.00 shall be an unsecured claim and U.S. NATIONAL BANK ASSOCIATION shall release its mortgage lien upon full payment of the secured portion of its claim.

## CLASS 9
## GREEN TREE

### a.) 600 N. Pinecrest, Bolingbrook, IL

Page 14 of  18

**GREEN TREE** shall have a secured claim in regard to the 600 N. Pinecrest, Bolingbrook, IL in the amount of $120,000.00, that being the fair market value of the property. Debtors shall pay the secured portion of this claim based upon a 30 year amortized at 4% for a monthly principal and interest payment of $573.00. In addition, Debtors shall pay a tax and insurance escrow payment of $525.00 for a total payment of $1,098.00. The balance of $151,726.00 shall be a general unsecured claim and GREEN TREE shall release its mortgage lien upon payment of the secured portion of its claim.

## CLASS 10
## CONDO ASSOCIATIONS & HOMEOWNERS ASSOCIATIONS

Class 9 shall consist of the claims of the following creditors for pre-petition arrearages for condominium or homeowners association payments, in the following amounts.

| | | |
|---|---|---|
| a.) | The Hometown Condominium Association #1 | $1,951.27 |
| b.) | Rainbow Pointe West Condominium Association | $2,428.42 |
| c.) | Barclay Estates Neighborhood Association | $ 804.70 |
| | TOTAL | $5,184.39 |

Each of the above claims shall be paid in equal installments over 60 months at 2% interest. That will require a total payment from debtors of 91.00 per month.

## CLASS 11
## REAL TIME RESOLUTIONS

REAL TIME RESOLUTIONS filed secured claims based upon second mortgages on 1003 Maple Ave, Lisle, IL and 645 Cochise, Bolingbrook, IL, and 410 Villa Ave, Villa Park, IL. As to each of the above properties there is no value to attach to the mortgages and each will be avoided pursuant to 11 U.S.C. §506. REAL TIME RESOLUTIONS will thereby have an unsecured claim and will receive the treatment provided for in Class 15.

## CLASS 12
## E* TRADE BANK
## SPECIALIZED LOAN SERVICING, LLC

E*TRADE BANK, SPECIALIZED LOAN SERVICING, LLC filed a second claim based upon its second mortgage on 449 Springwood Lane, Bolingbrook, IL. Since there is no value attaching to this lien, the mortgage lien will be avoided pursuant to 11 U.S.C. §506 and E*TRADE shall have an unsecured claim and receive the treatment provided for in Class 15 creditors.

## CLASS 13
## CITY OF CHICAGO
## DEPARTMENT OF FINANCE

CITY OF CHICAGO filed a secured claim based upon its statutory lien on the property c/k/a 11745 S. Peoria, Chicago, IL the claim in the amount of $1,431.16 shall be paid in full over 60 months with simple interest of 2% per anum, for a monthly payment of 25.00 per month. Upon full payment, the CITY OF CHICAGO shall release its lien on the properties.

## CLASS 14
## UNITED GUARANTY RESIDENTIAL INS. CO OF NC

UNITED GUARANTY RESIDENTIAL INS. CO OF NC filed secured claims based upon second mortgages on 1665 Liberty, Hanover Park, IL  As to each of the above properties there is no value to attach to the mortgages and each will be avoided pursuant to 11 U.S.C. §506. UNITED GUARANTY RESIDENTIAL INS. CO OF NC will thereby have an unsecured claim and will receive the treatment provided for in Class 15.

## CLASS 15
## D. UNSECURED CLAIMS: DEFICIENCY CLAIMS OF MORTGAGES AND GENERAL UNSECURED CLAIMS

After payment of administrative and priority claims in full, Debtors shall pay allowed Deficiency Claims of Mortgagees and general unsecured creditors on a pro-rata distribution based upon the liquidation analysis the debtors' disposable income for seventy-two (72) months for a total payment of $50,000.00 without interest, in not more than seventy-two (72) monthly installments to each creditor. First payment shall commence thirty (30) days following the effective date of the plan and on the fifteenth (15th) day of each month thereafter for a period of six (6) years. Debtors estimate that based upon approximately $2,000,000.00 in deficiency claims and general unsecured claims, creditors in this class shall receive approximately 2.5% of their claims. Debtor's unsecured monthly payment to be distributed pro rata will be $695.00. **Distribution will be made on a quarterly basis and the debtors shall be responsible for making all payments required under the Plan.**

## CLASS 16
## WILL COUNTY TREASURER
### (Real Estate Taxes on 254 Thornhurst, Bolingbrook, IL)

The real estate taxes on the property at 254 Thornhurst, Bolingbrook, IL for the tax year 2013 were sold and are delinquent in the amount of $5,429.33. Debtor proposes to cure the arrears by making payments of $300.00 per month for 20 months which will redeem those taxes prior to the redemption date of June 5, 2017.

# X.
# CONFIRMATION

In the event the Court approves this Second Amended Disclosure Statement, it should be noted that although the Court has approved the accuracy of the facts and representations contained in the Disclosure Statement, this action does not constitute an approval by the Court of the Second Amended Plan of Reorganization and the opinions expressed therein. Creditors with impaired claims will receive ballots upon which they may signify their acceptance or rejection of the Plan. The Court will set a time within which ballots must be returned to the Court. Creditors whose claims are not impaired pursuant to 11 USC § 1124 are deemed to have accepted the Plan and will not receive ballots and may not vote. Designation of impairment or unimpairment is set forth in the Plan.

Each creditor whose claim is impaired may vote on the Plan. 11 USC § 1126 provides that if two-thirds (2/3) in amount and more than one-half (½) in number of all allowed claimants voting in a class of claimants accepts the Plan, and if certain technical requirements set forth in 11 USC § 1129 are met, the Court will confirm the Plan and payments under the Plan will proceed. If one or more of the classes dissents, the Debtor may ask the Court to confirm the Plan anyway, if at least one (1) class has accepted and if the Debtor can meet the requirements of 11 USC § 1129(b). If the Plan is not confirmed, any party may propose a Plan. Alternatively, liquidation could be sought under Chapter 7 of 11 USC § 101 set seq.

# XI.
# SIGNATURES

This Second Amended Disclosure Statement and Second Amended Plan of Reorganization may be signed in counterparts and a facsimile signature may constitute an original.

# XII.
# CONCLUSION

That Second Amended Disclosure Statement and Second Amended Plan for Reorganization is a bonafide effort by **RIAZ A. GONDAL AND SHAGUFTA GONDAL** to resolve their financial obligations and to provide a return to their creditors.

Dated:                                    /s/    *RIAZ A. GONDAL and*
                                          *SHAGUFTA GONDAL*
                                          RIAZ A. GONDAL AND SHAGUFTA
                                          GONDAL

Prepared by:
**RICHARD G. LARSEN #06193054**
Springer Brown, LLC
300 S. County Farm Road
Suite I
Wheaton, IL 60187
630-510-0000
rlarsen@springerbrown.com